UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LALLA HANSEN,

Plaintiff,

v.

BOOHOO.COM USA INC ET AL.,

Defendants.

CASE NO. 2:26-cv-01778-JNW

ORDER TO SHOW CAUSE

Plaintiff filed this putative class action in King County Superior Court on April 21, 2026, against Defendants Boohoo.com USA, Inc., BoohooPLC.com, Inc., and Boohoo.com UK Limited. Dkt. No. 1-2. Defendants Boohoo.com USA, Inc. and BoohooPLC.com, Inc. ("Boohoo") removed this action to this Court on May 22, 2026, asserting federal jurisdiction under the Class Action Fairness Act of 2006 ("CAFA"). Dkt. No. 1. Hansen's complaint alleges that Boohoo violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 1-2. Hansen claims that Boohoo sends "commercial emails to Washington residents" with subject lines announcing that sales are ending soon or that there are deep discounts to be had. *Id.* On June 29, 2026, Boohoo moved to dismiss the

complaint or, alternatively, to strike the class allegation, Dkt. No. 11, and Hansen opposes, Dkt. No. 23.

Before the Court can address Boohoo's motion to dismiss or strike, it must confirm its jurisdiction. Some courts in this District have found that named plaintiffs in similar CEMA/CPA class actions lack Article III standing and remanded the actions to state court. *See, e.g.*, *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's Int'l, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *3 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pled but then stayed the action pending the resolution of the Ninth Circuit appeals in *Montes v. Penney OpCo., LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. *See, e.g., Liss et al. v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026); *Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, Dkt. No. 62 (W.D. Wash. Aug. 25, 2026).

The removal and motion to dismiss or strike briefing do not address the Article III standing issue under CEMA. The Court raises this issue on its own, as it must before reaching the merits of Boohoo's motion to dismiss or strike. The Court will not reach these questions without the parties' input, so it ORDERS as follows:

1. Boohoo must file a supplemental brief not to exceed five (5) pages by September 16, 2026, about (1) whether Plaintiffs have Article III standing and, if so, whether the action should be stayed pending the *Montes* appeals; and (2) whether the Court should, under CEMA, calculate damages on a per-email or per-recipient basis and, depending on that

answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.

2. Plaintiff must file a responsive supplemental brief not to exceed five (5) pages by September 23, 2026.
3. The Clerk is DIRECTED to re-note the motion to dismiss or strike, Dkt. No. 11, for September 23, 2026.
4. Because the parties met and conferred under FRCP 26(f) and have already exchanged initial disclosures and submitted a joint status report, Dkt. No. 37, Defendants' motion to adjourn deadlines, Dkt. No. 22, is DENIED as MOOT.

Dated this 2nd day of September, 2026.

Jamal N. Whitehead
United States District Judge