UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LALLA HANSEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BOOHOO.COM USA, INC., BOOHOOPLC.COM INC., and BOOHOO.COM UK LIMITED,

Defendants.

**The Honorable Jamal N. Whitehead**

NO. 2:26-cv-01778-JNW

**DEFENDANTS' RESPONSE TO THE COURT'S SEPTEMBER 2, 2026 ORDER TO SHOW CAUSE**

**NOTE ON MOTION CALENDAR: September 23, 2026**



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

Defendants respectfully respond to the Court's September 2, 2026 Order to Show Cause (Dkt. No. 38) regarding (1) whether Plaintiff has Article III standing and, if so, whether this action should be stayed pending the Ninth Circuit appeals in *Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026), and *Montes v. SPARC Grp., LLC*, No. 23-35496 (9th Cir. 2023), and (2) whether the amount in controversy satisfies CAFA's jurisdictional requirements.

Defendants have not disputed that Plaintiff has Article III standing. Defendants primarily assert that Plaintiff fails to state a claim because she has not identified any materially misleading conduct given Defendants' disclosures regarding their pricing practices. Defendants also contend that Plaintiff fails to allege the type of injury or damages necessary to avoid preemption of her Commercial Electronic Mail Act ("CEMA") claim under the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"). Those issues are distinct from Article III standing. The injury required to establish Article III standing is not synonymous with the injury required to plead a viable CEMA claim.

Defendants further maintain that, based on the allegations in the Complaint and subject to ongoing discovery, CAFA jurisdiction is satisfied if damages are calculated on a per-recipient basis based on a plain reading of CEMA's damages provision.

Nevertheless, Defendants acknowledge that Article III standing in CEMA cases is presently before the Ninth Circuit in *Montes v. Penney OpCo, LLC*, No. 26-241 ("*Montes II*"). In addition, *Montes v. SPARC Group, LLC*, No. 23-35496 ("*Montes I*"), will address whether a plaintiff may state a claim under the Washington Consumer Protection Act ("CPA") absent allegations of actual economic loss. Because the Ninth Circuit's resolution of those issues may materially affect this case, a stay is appropriate.

## ARGUMENT

### I. Plaintiff Has Alleged Article III Standing for Jurisdictional Purposes

Plaintiff alleges that Defendants' emails caused "actual and substantial injury" and that Defendants "did deceive" her. (*E.g.*, Compl., Dkt. No. 1-2 ¶¶ 71, 117). Accepting those



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

allegations as true for purposes of the standing inquiry, Plaintiff has adequately alleged a concrete injury sufficient to establish Article III standing.

This court's caselaw confirms this conclusion. In *Harbers v. Eddie Bauer, LLC* the court denied a motion to remand, holding that receipt of commercial emails containing allegedly false or misleading subject lines satisfied Article III's concreteness requirement, even absent allegations of additional harm. 415 F. Supp. 3d 999, 1008-11 (W.D. Wash. 2019) (observing that "[t]he harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions," which "have long been heard by American courts."). Similarly, Chief Judge Estudillo concluded in *Liss v. Skechers USA Inc.* that alleged CEMA violations provide Article III standing because that statute "was enacted to protect concrete interests that have traditionally provided a basis for relief in the courts." No. 3:25-CV-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026).

Accordingly, a plaintiff may allege enough harm to establish Article III standing while still failing to allege a cognizable statutory injury, which is the case here. *See Doe v. Chao*, 540 U.S. 614, 624-25 (2004) (explaining that an individual may suffer Article III injury and yet fail to plead a proper cause of action); *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (similar). Therefore, taking Plaintiff's allegations as true, Plaintiff has adequately alleged a concrete injury for purposes of Article III standing, despite her failure to allege a cognizable statutory injury.

## II. A Stay Is the Most Equitable Course Pending the *Montes* Appeals

"The court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Washington v. Trump*, C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). That discretion is appropriately exercised here because the Ninth Circuit's decision in *Montes II* is likely to provide guidance on the threshold jurisdictional issue of Article III standing. *See Cultrara v. Timex Grp. USA Inc.*, C26-0445-KKE, 2026 WL 1706868, at *1 (W.D. Wash. June 12, 2026).



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

Courts across Washington have repeatedly stayed materially similar CEMA cases pending the *Montes* appeals. *See, e.g.*, *Iniguez v. Crate & Barrel Holdings, Inc.*, No. 2:26-cv-02370-JHC, Dkt. No. 23 (W.D. Wash. Aug. 7, 2026); *Shahpur v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:25-cv-00284-RLP, Dkt. No. 86 (E.D. Wash. July 2, 2026); *Repperger v. Ulta Salon*, No. 2:25-cv-00526-RLP, Dkt. No. 59 (E.D. Wash. July 2, 2026); *Maxwell v. Ulta Salon*, *Cosmetics & Fragrance, Inc.*, No. 2:26-cv-00084-RLP, Dkt. No. 54 (E.D. Wash. July 2, 2026); *Talley v. Everlane, Inc.*, No. 2:26-cv-00007-KKE, Dkt. No. 28 (W.D. Wash. June 12, 2026); *Brown v. La-Z-Boy Inc.*, No. 2:25-cv-02203-JHC, Dkt. No. 26 (W.D. Wash. June 3, 2026); *Wood v. Omaha Steaks Int'l LLC*, No. 2:26-cv-01317-TSZ, Dkt. No. 15 (W.D. Wash. April 27, 2026); *Harrington v. Vineyard Vines LLC*, No. 2:25-cv-01115-TSZ, Dkt. No. 64 (W.D. Wash. April 17, 2026); *Kempf v. FullBeauty Brands Operations LLC*, No. 2:25-cv-01141-TSZ, Dkt. No. 63 (W.D. Wash. April 17, 2026); *Perdomo v. FullBeauty Brands Operations LLC*, No. 3:25-cv-05844-TSZ, Dkt. No. 28 (W.D. Wash. April 17, 2026).

A stay would promote judicial economy and conserve the resources of both the Court and the parties. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Proceeding before the Ninth Circuit resolves the issues presented in *Montes I* and *Montes II* risks unnecessary motion practice, inconsistent rulings, and potentially duplicative proceedings. Any limited delay resulting from a stay is outweighed by the efficiencies gained from awaiting controlling appellate guidance. *H Lodge LLC v. Liberty Mut. Fire Ins. Co.* No. C21-5184 BHS, 2022 WL 279070, at *4 (W.D. Wash. Jan. 31, 2022). Accordingly, a stay is the most equitable course.

## III. The Amount in Controversy Satisfies CAFA Based on the Pleadings.

The plain language of CEMA supports calculation of damages on a per-recipient basis, which satisfies CAFA's $5 million amount-in-controversy requirement when applied to



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

Plaintiff's allegations.

Under CAFA, courts aggregate the claims of all proposed class members to determine whether the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The amount in controversy is ordinarily determined from the face of the pleadings, and courts assume the complaint's allegations are true for jurisdictional purposes. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986). The Court therefore asks whether it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount. *Id.* at 364.

Plaintiff seeks "the greater of actual damages and statutory damages of $500 per email" violation, trebled as to each class member. Compl. ¶ 121. Plaintiff also alleges that the proposed class includes "at least thousands" of Washington residents. *Id.* ¶ 91. Assuming a recoverable violation is limited to each recipient rather than each email, Plaintiff's allegations place more than $5 million in controversy. A proposed class of approximately 5,000 recipients seeking $500 in statutory damages per recipient, trebled as to each class member as alleged, yields at least $7.5 million in controversy. Of course, if damages were calculated per email, the amount in controversy would further exceed $5 million. Defendants have therefore shown through "reasonable assumptions" based on Plaintiff's pleadings that the amount in controversy exceeds CAFA's jurisdictional threshold. *See Liss* 2026 WL 1392327, at *4 (citation omitted).

To be sure, Defendants maintain that CEMA permits recovery only on a per-recipient basis based on the plain language of CEMA's damages provision as "damages ***to the recipient*** of a commercial electronic mail message." Wash. Rev. Code § 19.190.040(1) (emphasis added). But the amount-in-controversy inquiry is not a determination of liability or damages. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). Thus, even if Defendants ultimately prevail on their damages arguments, Plaintiff's allegations are sufficient at this stage to establish CAFA jurisdiction. As courts have



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

recognized, a defendant may establish the amount in controversy for removal purposes while continuing to dispute the merits and scope of recoverable damages. *See Liss*, 2026 WL 1392327, at *4.

**CONCLUSION**

While Defendants do not dispute that Plaintiff has alleged an injury in fact sufficient to establish Article III standing, Defendants respectfully request that the Court exercise its broad discretion to briefly stay the litigation pending resolution of the *Montes* appeals in order to promote judicial economy and efficiency. Finally, as plead, the amount in controversy exceeds CAFA's $5 million threshold under either the per-email measure or per-recipient basis.

DATED this 15th day of September, 2026.

By */s/ Kristin Nealey Meier*

Kristin Nealey Meier, WSBA #33562
RYAN, SWANSON & CLEVELAND, PLLC
401 Union Street, Suite 1500
Seattle, Washington 98101-2668
Telephone: (206) 464-4224
kmeier@ryanlaw.com

Ronald W. Zdrojeski (admitted *pro hac vice*)
Amy R. Albanese (admitted *pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
ronzdrojeski@eversheds-sutherland.com
amyalbanese@eversheds-sutherland.com

Melissa L. Fox (admitted *pro hac vice*)
Madeline C. Thompson (admitted *pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
melissafox@eversheds-sutherland.com
clairethompson@eversheds-sutherland.com
*Attorneys for Defendants*

I certify that this memorandum contains 1,466 words, in compliance with the Local Civil Rules

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 15th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

A Henderson

Angie Henderson, Legal Assistant
henderson@ryanlaw.com



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224