THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LALLA HANSEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BOOHOO.COM USA, INC., BOOHOOPLC.COM INC., and BOOHOO.COM UK LIMITED,<br><br>*Defendants*. | Case No. 2:26-cv-01778-JNW<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S SEPTEMBER 2, 2026 ORDER TO SHOW CAUSE**<br><br>**NOTE ON MOTION CALENDAR: September 23, 2026** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

When there is doubt that a removing defendant established subject matter jurisdiction, Ninth Circuit law mandates remand (not a stay). Here, especially in light of Defendants' assertions in motion-to-dismiss briefing, there is substantial doubt as to whether the Court has Article III jurisdiction. As a result, this Court should follow the same course as others in this district and remand this case so that it may promptly proceed in a forum where jurisdiction is certain.

## II. Defendants haven't established subject matter jurisdiction, so remand is proper.

A removing party has the burden to establish Article III jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006). "[I]f there is any doubt as to the right of removal," "[f]ederal jurisdiction must be rejected." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotes omitted). There is no discretion. 28 U.S.C. § 1447(c); *Huong v. Béis LLC*, 2026 U.S. Dist. LEXIS 200891, at *6 (W.D. Wash. Sep. 4, 2026) (a court "must" remand if injury-in-fact is doubted).

### A. Defendants have placed Article III standing in doubt.

"To establish Article III standing, an injury must be concrete, particularized, and actual or imminent[.]" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quotes omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Here, despite alleging jurisdiction in the Notice of Removal, Dkt. 1, Defendants' motion to dismiss briefing argues that "Plaintiff does not allege that she suffered any cognizable injury." Dkt. 34 at 15. At a minimum, this argument raises "doubt as to the right of removal," so remand is required. *Gaus*, 980 F.2d at 566; *Ryu v. Cotton on USA LLC*, 2026 U.S. Dist. LEXIS 178351, at *6 n.1 (W.D. Wash. Aug. 10, 2026) ("Given [defendant's] representations … that [plaintiffs] suffered no injury at all, the Court does not ... need to await [*Montes II*]."); *Stutsman v. Sirius XM Radio LLC*, 2026 U.S. Dist. LEXIS 187829, at *6 (W.D. Wash. Aug. 20, 2026) (remanding CEMA case where defendant "argue[d] in its motion to dismiss that [p]laintiffs 'fail[ed] to allege injury.'").

### B. Washington courts have remanded CEMA cases for lack of jurisdiction.

Doubt concerning Article III jurisdiction is also clear from the "ever-growing list of decisions finding that the mere receipt of alleged misleading or false marketing email subject lines … does not

constitute a concrete harm sufficient to establish Article III injury." *Stutsman*, 2026 U.S. Dist. LEXIS 187829, at *10 (collecting cases). Numerous Washington courts considering similar CEMA cases have remanded them for lack of Article III jurisdiction. *See e.g.*, *Nuri v. True Religion Apparel,* 2026 U.S. Dist. LEXIS 67871 (W.D. Wash. Mar. 30, 2026) (remanding for lack of Article III standing).[1]

In contrast, the few courts that found standing for CEMA claims like Plaintiff's have largely done so where the emails were unsolicited, or the plaintiff never subscribed. *Liss v. Skechers USA Inc.*, 2026 U.S. Dist. LEXIS 111060, at *9-10 (W.D. Wash. May 19, 2026); *Devivo v. Sheex Inc.*, 2026 U.S. Dist. LEXIS 134210, at *5-6 (W.D. Wash. June 16, 2026) (adopting *Liss*); *but see Stutsman*, 2026 U.S. Dist. LEXIS 187829, at *8-10 (explaining that CEMA does not prohibit unsolicited emails, so standing does not depend on whether emails were solicited). Plaintiff makes no such allegations. *See* Dkt. 1-2 ¶ 86 (Plaintiff "would like to … receive and rely on truthful information from Defendant[s].").[2]

In short, Defendants' assertions about injury and courts' treatment of similar cases raise great doubt as to Article III jurisdiction. When that "doubt … exists," the "case should be remanded." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Yount v. Whole Foods Mkt. Pac. Nw. Inc.*, 2026 U.S. Dist. LEXIS 115476, at *2-3 (W.D. Wash. May 26, 2026) (same in class action cases when the court finds the named plaintiff lacks Article III standing).

**III. A stay cannot substitute for remand.**

A court lacking subject-matter jurisdiction must remand. 28 U.S.C. § 1447(c); *Int'l Primate Prot.*

---

[1] *See also Hutton v. Papa John's USA, Inc.*, 2026 U.S. Dist. LEXIS 170894 (W.D. Wash. July 31, 2026) (same); *Aronson v. 5 Star Apparel LLC*, 2026 U.S. Dist. LEXIS 182526 (W.D. Wash. Aug. 4, 2026) (same); *Wade v. Elemis USA Inc.*, 2026 U.S. Dist. LEXIS 191472 (W.D. Wash. Aug. 25, 2026) (same); *Isbell v. Jonathan Adler Enters., LLC*, 2026 U.S. Dist. LEXIS 196597 (W.D. Wash. Aug. 31, 2026) (same); *Huong*, 2026 U.S. Dist. LEXIS 200891 (W.D. Wash. Sep. 4, 2026) (same); *Samaduroff v. David Peyser Sportswear Inc.,* 2026 U.S. Dist. LEXIS 205959 (W.D. Wash. Sep. 11, 2026) (same); *Ma v. Nike, Inc.*, No. C25-1235JLR, Dkt. 37 (W.D. Wash. Aug. 14, 2026) (same); *Haley v. Tommy Bahama Grp Inc.*, No. 2:25-cv-1969, Dkt. 70 (W.D. Wash. Sep. 18, 2026) (same); *Isbell et al. v. Bebe Stores Inc.*, No. 2:25-cv-2388, Dkt. 49 (W.D. Wash. Sep. 18, 2026) (same).

[2] Other cases finding subject matter jurisdiction are also distinguishable. In *Harbers v. Eddie Bauer, LLC*, the court ruled that, where plaintiff alleged the defendant violated the CPA, she stated a concrete injury-in-fact. 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019) (Robart, J.). But since *Harbers* predates *TransUnion*, several courts—including the judge in *Harbers*—have declined to follow it. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("[U]nder Article III, an injury in law is not an injury in fact."); *see e.g., Aronson*, 2026 U.S. Dist. LEXIS 182526, at *6 n.1 (Robart, J.) (remanding CEMA case after *TransUnion*); *Wade*, 2026 U.S. Dist. LEXIS 191472, at *5 n.1 (same).

Similarly, *Brinton v. Vivint Inc.*, 2024 U.S. Dist. LEXIS 140468 (W.D. Wash. Aug. 7, 2024) relied on *Harbers*. The judge in *Brinton* has since remanded a similar CEMA case. *Samaduroff*, 2026 U.S. Dist. LEXIS 205959 at *5 (Cartwright, J.).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). Staying the case to await jurisdictional guidance contravenes controlling Ninth Circuit precedent, which requires remand if jurisdiction is in doubt. *Supra* § II. Nor does it promote efficiency. A forum with certain jurisdiction exists: the state court where this case started. A stay would hold this case in a court that may lack jurisdiction, and bar Plaintiff from any forum while Defendants' challenged conduct continues. Remand lets the case proceed efficiently. *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159, at *4 (N.D. Cal. Mar. 11, 1996) (denying stay request and remanding because "[j]udicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum").

**A. A stay would cause undue delay and prejudice to Plaintiff and the proposed class.**

"[A] litigant in one case will rarely be compelled to wait on the sidelines while a litigant in another case establishes the law that will apply to both." *Allison v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 189654, at *4 (W.D. Wash. Jan. 3, 2014); *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005). In considering such a stay, the Ninth Circuit looks to the "possible damage which may result from" a stay, the hardship to defendants of litigating without a stay, and the orderly course of justice. *Lockyer,* 398 F.3d at 1110. These principles weigh against a stay here.

First, the delay could be substantial. A "stay should not be granted unless it appears likely [that] the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). This is why "district courts frequently deny requests for a stay pending appeal of a separate … action": "a stay pending appeal … may result in indefinite delay." *Perron v. Hewlett-Packard Co.*, 2011 U.S. Dist. LEXIS 40634, at *6 (N.D. Cal. Apr. 8, 2011). There is no guarantee the *Montes II* decision will come soon. That appeal's briefing deadlines have already moved five times. *Montes v. Penney OpCo, LLC*, Case No. 26-241, Dkts. 2, 18, 25, 32, 37, 41. After briefing concludes, the parties need to wait indefinitely for a decision. Courts reject stays for such delays. *E.g.*, *Asustek Computer, Inc. v. Ricoh Co., Ltd.*, 2007 U.S. Dist. LEXIS 86302, at *6-7 (N.D. Cal. Nov. 21, 2007) (denying stay when resolution of appeal in other case "would leave the parties in the lurch [for] at least [3 months]"); *Perron*, 2011 U.S. Dist. LEXIS 40634, at *6-7 (denying stay when briefing in other case was incomplete).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Second, a stay will harm "the public interest in allowing the allegedly harmful conduct to continue." *Rutherford v. Cent. Bank of Kan. City*, 2026 U.S. Dist. LEXIS 26497, at *5 (W.D. Wash. Feb. 9, 2026). Plaintiff seeks to enjoin the transmission of emails with misleading subject lines. Dkt. 1-2 ¶¶ 87, 105. Each month of delay is a month the emails continue. Waiting on *Montes II* will thus "harm … consumers." *Washington v. Internet Order, LLC*, 2015 U.S. Dist. LEXIS 25949, at *14 (W.D. Wash. Mar. 2, 2015); *Lockyer*, 398 F.3d at 1112 (denying stay motion in part because delay in injunctive relief would cause "more than just a 'fair possibility' of harm"). On remand, Plaintiff can pursue prompt relief.

Third, delay is particularly damaging here. The case involves substantial ESI (e.g., marketing emails and transaction data) that may be overwritten, purged, or lost with time. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087-88 (9th Cir. 2024) (vacating stay based in part on possible prejudice from lost evidence); *LG Elecs., Inc. v. Eastman Kodak Co.*, 2009 U.S. Dist. LEXIS 44056, at *7 (S.D. Cal. May 22, 2009) (denying motion for stay, given the "unavoidable risk that important documents might be lost during the delay" and risk that witnesses may become unavailable).

Meanwhile, remand will not harm Defendants. They have already asserted that Plaintiff suffered no injury. *Supra* § II(A); *see Ryu*, 2026 U.S. Dist. LEXIS 178351 at *6 n.1 ("Given [defendant's] representations to the Court that [plaintiffs] suffered no injury at all, the Court does not … need to await the decision on whether CEMA *can* confer Article III injury."). And a stay does nothing for judicial economy. *Montes II* concerns jurisdictional issues, not merits. Whatever the outcome, this case will be litigated. So a stay serves only to delay resolution. There is no reason for that delay when the Court can remand.

**IV. CEMA damages are calculated on a per-email basis.**

Defendants assert that CEMA provides for only $500 per recipient. Not so: CEMA provides for $500 per email.[3] CEMA is violated each time an email with a false or misleading subject line is transmitted. RCW 19.190.030(1) ("It is a violation of the consumer protection act … to initiate the transmission … of a commercial electronic mail message that … (b) Contains false or misleading information in the subject line."). And Penalties under the CPA (through which Plaintiff asserts her damages claim, Dkt. 1-2 ¶ 111) are assessed per violation, not per consumer. The Washington Supreme Court has "declin[ed]

[3] Defendants argue that CAFA's amount-in-controversy is met either way. Even so, remand is proper. *Supra* § II.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

to follow the one-violation-per-consumer rule," holding that civil penalties under the CPA are assessed per violation, "consistent with" RCW 19.86.920's command that the CPA be "liberally construed that its beneficial purposes may be served." *State v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 316 & n.11 (1976); *State v. Comcast Cable Commc'ns Mgmt., LLC*, 16 Wn.App.2d 664, 689-91 (2021) (reversing order issuing penalties on a per-consumer basis). Washington courts apply this rule consistently. *E.g.*, *State v. LA Investors, LLC*, 2 Wn.App.2d 524, 546 (2018) (affirming application of penalty for "each of the 256,998 mailers sent to Washington consumers"). Thus, each email with a false or misleading subject line is a separate CPA violation warranting distinct damages. Consistent with this rule, Ninth Circuit courts have stated that "commercial e-mail [recipients] … may recover $500 per violation." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1057 n.16 (9th Cir. 2009).[4]

Defendants' per-recipient construction rests on the statutory text of "damages to the recipient." Dkt. 42 at 4. But that language identifies *who* recovers, not how often. RCW 19.190.040 has two subsections, each supplying a remedy to a different plaintiff type. "Damages to the recipient of a commercial electronic mail message … sent in violation of this chapter are" $500, whereas "[d]amages to an interactive computer service resulting from a violation of this chapter are" $1,000. RCW 19.190.040(1)-(2). Read together, "[d]amages to the recipient" contrasts with "[d]amages to an interactive computer service" to identify the type of plaintiff each subsection addresses, not how damages are calculated. Defendants ignore the language that specifies the unit of recovery. RCW 19.190.040(1) ties damages to the receipt of "a" commercial email. A recipient of "a" violative email is entitled to the statutory damages; each such email is another CEMA violation, so it triggers additional damages, per the standard rule.

## IV. Conclusion.

Defendants have failed to establish beyond doubt that the Court has subject-matter jurisdiction. As a result, the case must be remanded—not placed in jurisdictional limbo pending *Montes II*.

[4] *See also, e.g., Liss*, 2026 U.S. Dist. LEXIS 111060, at *12-13 ("CEMA appears to contemplate $500 for each violative email."); *Brinton*, 2024 U.S. Dist. LEXIS 140468, at *8-10 (calculating amount in controversy using $500 per email); *Hodgell v. Andersen Corp.*, 2023 U.S. Dist. LEXIS 122765, at *4-6 (W.D. Wash. July 17, 2023) (same); *Devivo*, 2026 U.S. Dist. LEXIS 134210, at *6-7 (summarizing *defendant's* position that per-recipient construction is incompatible with Ninth Circuit precedent, analogous statutes, and "CEMA's plain text"); *see also Carter v. Vineyard Vines, LLC*, 2026 U.S. Dist. LEXIS 112470, at *2 (D. Md. May 21, 2026) (recovery of $500 per violation under analogous statutes).

Dated: September 23, 2026

By: */s/ Simon Franzini*

Simon Franzini, WSBA No. 63689
simon@dovel.com
Jonas Jacobson WSBA No. 62890
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

**Certification of Compliance**

I certify that this memorandum is no more than five pages, in compliance with the Court's September 2, 2026, order.

Dated: September 23, 2026

*/s/ Simon Franzini*
Simon Franzini