UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LALLA HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOOHOO.COM USA INC., BOOHOOPLC.COM INC., and BOOHOO.COM UK LIMITED,<br><br>Defendants. | CASE NO. 2:26-cv-01778-JNW<br><br>ORDER REMANDING CASE |

## 1. INTRODUCTION

This matter comes before the Court on the parties' responses to the Court's order for supplemental briefing on whether Plaintiff Lalla Hansen has Article III standing. Dkt. Nos. 42, 43. For the reasons stated below, the Court finds it lacks subject matter jurisdiction, DENIES Defendants' request for a stay, and REMANDS the case to King County Superior Court.

## 2. BACKGROUND

Plaintiff Hansen filed this putative class action in King County Superior Court against Defendants Boohoo.com USA Inc., BoohooPLC.com, Inc., and

Boohoo.com UK Limited ("Boohoo"). Dkt. No. 1-2. Boohoo removed this action to this Court, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1. Hansen alleges that Boohoo violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") by sending consumers marketing emails with false or misleading subject lines. Dkt. No. 1-2 ¶¶ 97–122.

On September 2, 2026, the Court ordered supplemental briefing on two issues: first, whether Hansen has Article III standing, and if so, whether the case should be stayed pending the Ninth Circuit's decision in *Montes v. SPARC Grp., LLC*, No. 23-35496; and second, whether CEMA damages are calculated per-email or per-recipient, and whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction. Dkt. No. 38 at 2–3. Because Article III standing is a threshold issue, the Court starts there. *Hutton v. Papa John's USA Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *1 (W.D. Wash. July 31, 2026).

## 3. DISCUSSION

### 3.1 Legal standard.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). The

standing inquiry begins with a simple principle: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc.* (*Spokeo II*), 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins* (*Spokeo I*), 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340). Put simply, "an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. The key question is whether the plaintiff has identified "a close historical or common-law analogue" for the asserted injury. *Id*. at 424. Physical and monetary harms readily qualify, and so can some intangible harms, such as intrusion upon seclusion. *Id*. at 425.

"The burden of establishing removal jurisdiction, even in [CAFA] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). So Boohoo, as the party invoking federal jurisdiction, must establish "the facts necessary to support standing with the manner and degree of

evidence required at the successive stages of the litigation." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). At the pleading stage, the Court looks to the allegations in the complaint. *See id.* at 1099 & n.2. If the Court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand, not dismissal, is the proper remedy. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**3.2 Boohoo has not shown that Hansen suffered a concrete injury.**

Hansen argues that Boohoo has placed Article III standing in doubt, pointing to Boohoo's motion to dismiss, which asserts that Hansen "does not allege that she suffered any cognizable injury." Dkt. No. 43 at 2. Boohoo argues that Hansen alleges an injury in fact because she alleges that its emails caused "actual and substantial injury" and "'did deceive' her." Dkt. No. 42 at 2 (quoting Dkt. No. 1-2 ¶¶ 71, 117). But Boohoo's position runs up against "an ever-growing list of decisions [in this District] finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (collecting cases). *See also Hutton*, 2026 WL 2210133, at *2 ("The Court finds that merely alleging a CEMA violation is insufficient to allege a concrete injury to [the plaintiff]."); *Aronson v. 5 Star Apparel* LLC, No. C25-2691JLR, 2026 WL 2332885, at *2 (W.D. Wash. Aug. 4, 2026) ("[E]ven if [the plaintiff] has plausibly alleged that [the defendant] violated CEMA,

he cannot pursue his claim in this court because he failed to allege an Article III injury-in-fact."); *Samaduroff v. David Peyser Sportswear Inc*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) ("The fact that Plaintiffs received emails allegedly in violation of CEMA does not itself constitute injury-in-fact under Article III.").

Boohoo urges the Court to follow *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019). In *Harbers*, the district court found that "CEMA was enacted to protect concrete interests." *Id.* at 1008 (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). But *Harbers* was decided before *TransUnion*, and it rested on the premise that a CEMA violation is itself "the kind of concrete injury that the Washington Legislature sought to prevent." *Id.* at 1009. *TransUnion* holds that a legislature's "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." 594 U.S. at 426. As a result, the Court declines to follow *Harbers.*

Nor does Hansen's alleged harm resemble those that courts traditionally redress in cases involving unwanted marketing, such as invasion of privacy, intrusion upon seclusion, and nuisance. Each of those analogues depends on contact the plaintiff did not want. *Merrick v. Premium Brands Opco LLC*, No. 2:25-cv-02291-JNW, 2026 WL 3025764, at *2 (W.D. Wash. Oct. 8, 2026); *see Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025).

Here, Hansen alleges that she "does not want to receive emails with false and misleading subject lines from [Boohoo]," but "she would like to continue to receive and rely on truthful information from [Boohoo] regarding its Products." Dkt. No. 1-2 ¶ 86. Thus, Hansen does not sue over unsolicited emails—she wants to keep receiving Boohoo's emails and objects only to subject lines she says are false.

Boohoo argues that because Hansen alleges the emails "did deceive" her, she alleges Article III standing. Dkt. No. 42 at 2. But Hansen still falls short because she alleges no economic loss or detrimental reliance. *See Stutsman*, 2026 WL 2445129, at *4; *Samaduroff*, 2026 WL 2675977, at *2.

Boohoo also cites *Liss v. Skechers USA Inc.*, which states that CEMA "was enacted to protect concrete interests that have traditionally provided a basis for relief in the courts." No. 3:25-CV-05861 DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026). But the *Liss* plaintiffs did *not* allege that they consented to the emails, so *Liss* is distinguishable for the same reason.

In short, Boohoo identifies no injury beyond the CEMA violation itself. Because Boohoo has not shown that the violation caused Hansen a concrete harm, it has not carried its burden to establish Article III standing.

### 3.3 Remand is appropriate.

Boohoo argues that the Court should stay this case because the Ninth Circuit's decision in *Montes v. SPARC Grp., LLC*, is likely to provide guidance on the threshold question of standing. Dkt. No. 42 at 4. But the Court does not find standing to be an open question. It reaches its conclusion based on the allegations

in the Complaint, and it need not await further rulings from the Ninth Circuit. Because the Court lacks jurisdiction, it doesn't reach Hansen's arguments that a stay would prejudice her or the parties' dispute over how CEMA damages are calculated. Boohoo and Hansen agree the amount in controversy is satisfied either way. Dkt. Nos. 42 at 5; 43 at 5 n.3.

Accordingly, the Court finds remand is the appropriate course. *See* 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. This case is REMANDED to King County Superior Court, effective FOURTEEN (14) days from the date of this Order. *See* LCR 3(i).
2. Boohoo's motion to dismiss, Dkt. No. 11, is DENIED as moot.
3. The parties' stipulated motions for a protective order and for an agreement regarding the discovery of electronically stored information, Dkt. Nos. 39, 40, are also DENIED as moot.
4. The Clerk of Court is directed to CLOSE this case.

Dated this 26th day of October, 2026.

Jamal N. Whitehead
United States District Judge